**Dated: December 18, 2025**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

TERRY STEVEN VANDERPOOL         Case No. 25-80276-PRT
DEBBIE LYNN VANDERPOOL,        Chapter 7
                   Debtors.


JAMES TAYLOR,
                Plaintiff,

v.                        Adversary Case No. 25-8016-PRT

TERRY STEVEN VANDERPOOL,
                Defendant.

## ORDER REGARDING DEFENDANT'S MOTION TO DISMISS

The Defendant Terry Steven Vanderpool seeks dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this case by Fed. R. Bankr. P. 7012(b).[1] After review of the

---

[1] ECF No. 17.

arguments and applicable legal authorities, the Court finds that the Defendant's Motion should be granted as to 11 U.S.C. § 523(a)(2), but denied as to 11 U.S.C. § 523(a)(6).

## Background

Prior to the filing of this bankruptcy case, Plaintiff James Taylor ("Taylor") sued Defendant/Debtor Terry Vanderpool ("Vanderpool") in Cherokee County District Court regarding Taylor's purchase of Vanderpool's trash hauling business.[2] Taylor filed two cases, CJ-21-110 and CJ-22-172. Taylor was awarded a judgment against Vanderpool in Case CJ-21-110 for breach of contract and tortious interference with contract for $123,000.00 in actual damages and $25,000.00 in punitive damages. However, on appeal to the Oklahoma Court of Civil Appeals, the award of punitive damages was reversed, with that court finding

> . . . the record does not reveal clear and convincing evidence of intentional or malicious behavior on Vanderpool's part. . . . The remaining evidence at trial suggests Vanderpool's conduct resulted from at best, a genuine misunderstanding regarding the contract's terms and, at worst, an unintentional-yet-careless decision to continue servicing a residential route Vanderpool falsely assumed he still owned.[3]

The appellate court remanded the case back to Cherokee County for a new trial solely on the issue of actual damages. The new trial resulted in an award of $93,600.00 in actual damages in favor of Taylor. That judgment was appealed by Vanderpool but is currently stayed due to the filing of this bankruptcy case on April 9, 2025 by Vanderpool and his wife, Debbie.

On July 16, 2025, Taylor filed this adversary case against both Debtors, seeking to except his original trial court judgment of $123,000.00 actual and $25,000.00 punitive damages from discharge pursuant to 11 U.S.C. § 523(a)(2) and (6) for willful and malicious injury. This Court

---

[2] ECF No. 16.
[3] ECF No. 17: 6, 22-24 (Op., Prince, J., Case No. 120,713, March 28, 2024).

dismissed Debbie Vanderpool, as she was not a party to the sale of the trash business nor a party in the state court case.[4] This Court denied Vanderpool's motion to dismiss pursuant to Rule 12(b)(6) and allowed Taylor to file an amended complaint.[5] Taylor filed his Amended Complaint setting forth allegations regarding the dispute over the sale of Vanderpool's trash business and seeking to except the judgment debt from discharge, citing § 523(a)(2) in paragraph 1, and § 523(a)(6) for willful and malicious injury as the first and only cause of action. Taylor also seeks to recover punitive damages, costs and attorney fees against Vanderpool.[6] Vanderpool filed this Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, citing Rule 12(b)(6) and issue preclusion. Taylor filed his Response in Opposition.[7] This Court held a hearing on the Motion and Response, then took the matter under advisement.[8]

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

## Analysis

A.  Standard for Rule 12(b)(6) motion to dismiss.

---

[4] ECF No. 14.
[5] ECF No. 14.
[6] ECF No. 16.
[7] ECF No. 25.
[8] See ECF No. 26. Counsel for Vanderpool appeared and argued his motion to the Court. No one appeared on behalf of Taylor.

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint itself to ensure that it contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face.[9] In analyzing a Rule 12(b)(6) motion, a court should assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff.[10] To state a claim for relief that is plausible on its face, the complaint must contain sufficient factual information, specific rather than general in scope.[11] A court should not dismiss even if it appears unlikely the allegations can be proven.[12] To survive a Rule 12(b)(6) motion, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The complaint cannot simply assert a legal conclusion that it has a claim for relief, but must also plead facts that are more than consistent with the asserted liability, and that show (as opposed to merely allege) that the pleader is entitled to relief.[14]

B.  Claim under 11 U.S.C. § 523(a)(2)

Vanderpool first argues that although Taylor's Amended Complaint invokes § 523(a)(2) to except from discharge a debt for money, property, services, or extension, renewal, or refinancing of credit, it contains no supporting allegations setting forth a claim under that section and should therefore be dismissed. Section 523(a)(2) identifies three distinct types of debt to be excepted: debt that was obtained by (A) false pretenses, a false representation, or actual fraud;

---

[9] Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).
[10] *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009).
[11] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[12] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombley,* 544 U.S. 544, 556 (2007).
[13] *Iqbal,* 556 U.S. at 678.
[14] *Id.* at 679.

(B) a statement in writing that is materially false, regarding financial condition, reasonably relied upon, and made with intent to deceive; or (C) certain consumer debts for luxury goods or cash advances. The Amended Complaint does not identify which of these sub-paragraphs encompass the debt Taylor seeks to except. There are no allegations of a materially false statement in writing that could be construed to be a claim under § 523(a)(2)(B), nor that the debt is one for luxury goods or cash advances under § 523(a)(2)(C). Instead, the allegations focus on § 523(a)(6) for willful and malicious injury by the debtor to the creditor or his property. The only reference in Taylor's Amended Complaint to § 523(a)(2) is found in his "Introduction and Jurisdiction" section. This section refers to the debt as a result of a judgment for Breach of Contract and Tortious Interference. However, in the next section titled "First Cause of Action," Taylor's specific allegations are that Vanderpool intentionally failed to turn over equipment, some of which was damaged and inoperable, "maliciously and wrongfully interfered with [Taylor's] existing contractual business rights with his customers," and harmed Taylor by "intentional wrongdoing." This section concludes with a citation to § 523(a)(6) for denial of discharge of debts that are a result of willful and malicious injury by the debtor, citing *Kawaauhau v. Geiger,* 523 U.S. 57 (1998) and other cases regarding this Code section, and a statement that Vanderpool "failed to turn over all of the assets and then willfully and intentionally tried to steal [Taylor's] customers, resulting in harm to Taylor.[15] There are no similar references to § 523(a)(2) in this section. Taylor's Response in Opposition to Vanderpool's motion to dismiss states that his Amended Complaint establishes a claim for tortious interference, and that Vanderpool's actions were intentional, willful and malicious, but

---

[15] ECF No. 16, ¶¶ 7-17.

he does not identify the bankruptcy code sections that are the basis for his adversary case. He does not address Vanderpool's arguments regarding a lack of specific allegations relating to § 523(a)(2).

Construing the allegations in the light most favorable to Taylor, the Court is unable to find any substantive allegations setting forth a claim showing he is entitled to relief under any sub-paragraph of § 523(a)(2). Taylor's Amended Complaint pleads facts that are consistent with his claim under § 523(a)(6), but not under § 523(a)(2). His allegations focus on Vanderpool's conduct after the sale of his business to Taylor, and the resultant harm caused by that intentional, willful and malicious conduct. Statements regarding damaged equipment represented to be in good working order are alleged to be intentional acts meant to harm Taylor, which infer a claim under § 523(a)(6). There are no specific allegations of false pretenses, false representations or of actual fraud under § 523(a)(2)(A), nor circumstances constituting fraud stated with particularity as required by Fed. R. Civ. P. 9(b). The Court construes Taylor's allegations as a cause of action under § 523(a)(6) but cannot reasonably infer a plausible claim for relief under § 523(a)(2). The Court finds that the Amended Complaint does not state a claim for relief under § 523(a)(2); therefore, Vanderpool's Motion to Dismiss this claim is granted.

C.  Issue Preclusion

Vanderpool also argues that Taylor cannot state a claim for relief under § 523(a)(6) because Taylor's action is barred by the doctrine of issue preclusion. Taylor's Amended Complaint specifically seeks an exception from discharge pursuant to § 523(a)(6) for a "willful and malicious injury" by Vanderpool to Taylor or his property. To be "willful" the act must be deliberate or intentional, and the actor must intend the consequences of the act. *Kawaauhau v. Geiger,* 523 U.S. 57 (1998). The debtor must be shown to have acted with specific intent to harm

a creditor or the creditor's property, or that the debtor desired to cause the injury or believed the injury was substantially certain to occur.[16] There must also be a "malicious injury" caused by the debtor's wrongful actions.[17]

Issue preclusion may be invoked to bar relitigation of issues determined in a prior state court action resulting in a final judgment to establish the non-dischargeability of a particular debt in a subsequent bankruptcy case.[18] When the issue previously litigated was litigated under state law, the bankruptcy court will apply the law of collateral estoppel of that state.[19] Under Oklahoma law, the doctrine of issue preclusion, or collateral estoppel, holds that once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not re-litigate that issue in a lawsuit brought upon a different claim.[20] The party against whom issue preclusion is asserted must have had a full and fair opportunity to litigate the claim or critical issue.[21] The elements of issue preclusion are: (1) the party against whom it is asserted was either a party to or a privy of a party to the prior action; (2) the issue subject to preclusion was actually adjudicated in the prior case; (3) the adjudicated issue was necessary and essential to the outcome of the prior case; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the claim or critical issue.[22]

The first element of issue preclusion is met since Taylor, the party against whom issue preclusion is asserted, was a party to the prior state action. The remaining elements cannot be

---

[16] *See In re Longley,* 235 B.R. 651, 657 (10th Cir. BAP 1999).
[17] *See In re Smith,* 618 B.R. 901 (10th Cir. BAP 2020).
[18] *See Klemens v. Wallace (In re Wallace),* 840 F.2d 762, 764 (10th Cir. 1988).
[19] *See* 4 Collier on Bankruptcy P. 523.06 (16th 2025).
[20] *See State ex rel. Dept. of Transp. v. Little,* 100 P.3d 707 (Okla. 2004.)
[21] *State ex rel. Tal v. City of Oklahoma City,* 61 P.3d 234 (Okla. 2002) (citations omitted).
[22] *Durham v. McDonald's Rest. of Okla., Inc.,* 256 P.3d 64, 66-67 (Okla. 2011).

met. In analyzing the issues actually litigated and findings from a prior action, a court must consider whether the burdens of proof in the bankruptcy proceeding differ from those of the prior proceeding, who prevailed in the prior proceeding and which party wishes to invoke issue preclusion in its favor.[23] Vanderpool alleges that the state court case adjudicated the issue of malice, and found in his favor; thus, Taylor is precluded from relitigating that issue in this case and dismissal is required. Vanderpool is correct that the Oklahoma Court of Civil Appeals addressed the issue of malice, as well as intent, and found in his favor in its review of the trial court's award of punitive damages against Vanderpool for tortious interference with business relationship. However, the state appellate court found that the burden of proof required to support an award of punitive damages for intentional or malicious behavior is clear and convincing evidence, and that Taylor's evidence did not meet that standard.[24] Clear and convincing evidence is a higher standard than is required to except a debt from discharge in bankruptcy. The burden of proof for a party seeking to except a debt from discharge under § 523 is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291 (1991). Thus, the state appellate court's finding that there was no clear and convincing evidence of intentional or malicious behavior was not based on the same considerations that would be before this Court. Based on the record presented, the Court finds that issue preclusion does not apply in this case to bar relitigation of the issues pursuant to § 523(a)(6) presented in the Amended Complaint. Therefore, Vanderpool may not rely on issue preclusion as a defense, and his motion to dismiss on those grounds must be denied.

---

[23] *In re Kates,* 485 B.R. 86, 103 (2012).
[24] ECF No. 17:28.

## Order of the Court

IT IS HEREBY ORDERED that Defendant Terry Steven Vanderpool's Motion to Dismiss Plaintiff's claim for relief pursuant to 11 U.S.C. § 523(a)(2) is **granted without prejudice.**

IT IS FURTHER ORDERED that Defendant Terry Steven Vanderpool's Motion to Dismiss Plaintiff's claim for relief pursuant to 11 U.S.C. § 523(a)(6) is **denied.** The Defendant shall file his Answer in accordance with the Federal Rules of Bankruptcy Procedure.

# # #